## UNITED STATES DISTRICT COURT
## EASTEN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARK W. DUBUQUE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF THE AIR FORCE and | )  Case No. 16-1244 |
| | ) |
| AIR FORCE OFFICE OF SPECIAL INVESTIGATIONS | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** Plaintiff Mark W. Dubuque ("Plaintiff"), by and through undersigned counsel, and, for his Complaint against the United States Department of the Air Force ("DOAF") and the Air Force Office of Special Investigations ("AFOSI") (collectively, "Defendants"), states as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff based upon a purported exemption by Defendants.

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

3. Plaintiff is a resident of St. Louis County, Missouri and a citizen of the State of Missouri.

4. DOAF is a United States Government Military Department. DOAF is an agency within the meaning of 5 U.S.C. § 552(f).

5. AFOSI is a field operating agency of DOAF. AFOSI is an agency within the meaning of 5 U.S.C. § 552(f).

6. By separate letters to Defendants dated March 31, 2015, Plaintiff submitted Freedom of Information Act ("FOIA") requests. A Copy of the request to DOAF, along with the Certified Mail Receipt, is attached hereto as Exhibit 1. A Copy of the request to the AFOSI, along with the Certified Mail Receipt, is attached hereto as Exhibit 2 (collectively, Exhibit 1 and Exhibit 2 shall hereinafter be referred to as "FOIA Request.").

7. Among other things, Plaintiff's FOIA Request included the following:

> Documents relating to any polygraph examination (whether or not concluded) [of Plaintiff], including but not limited to a polygraph examination conducted on or about December 10, 2013, including but not limited to the name of the person conducting the examination, the questions asked and the answers given, and the results and analysis of the results.

("Polygraph Request").

8. After eight months, Defendants had not provided any of the records (including documents responsive to the Polygraph Request) that were requested in the FOIA Request.

9. Consequently, on December 7, 2015, Plaintiff filed a lawsuit in this District against Defendants, styled *Dubuque v. United States Department of the Air Force, et al*, Cause No. 4:15-CV-01793 SNLJ ("Lawsuit").

10. Plaintiff's Lawsuit sought two forms of relief: disclosure of the subject documents and reimbursement of Plaintiff's reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E) incurred in the instant lawsuit.

11. On January 8, 2016, Defendants provided Plaintiff with 232 documents, which Defendants purported to be all of the documents in their possession that were responsive to the

FOIA Request, not otherwise withheld due to a purported exemption. Attached hereto as <u>Exhibit 3</u> is the letter from Defendants that accompanied the document production.

12. <u>Exhibit 3</u> makes clear that Defendants were withholding certain documents and had redacted information from certain produced documents, based upon certain exemptions asserted therein.

13. The documents produced did not include any documents responsive to the Polygraph Request.

14. On January 11, 2016, Defendants filed a joint Motion to Dismiss, stating that they produced the responsive documents to Plaintiff on January 8, 2016.  Defendants argued that said production rendered Plaintiff's Lawsuit moot and that "there were documents disclosed that were redacted based on the exemptions asserted. If Plaintiff seeks to dispute the assertion of these exemptions, the remedy is to seek review at the administrative level rather than this Court."

15. On February 3, 2016, after receiving an inquiry from Plaintiff as to, among other things, why no documents responsive to the Polygraph Request were produced, AFOSI responded that:

> We found polygraph charts, and have determined the charts to be exempt under B7E.  Exemption B7E provided protection to all law enforcement information which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention.

A copy of said correspondence is attached hereto as <u>Exhibit 4</u>.

16. On February 8, 2016, Plaintiff filed a Motion for Attorneys' Fees under 552(a)(4)(E).

17. As part of the negotiations related to Plaintiff's Motions for Attorney's Fees, Plaintiff and Defendants engaged in discussions regarding the scope of any anticipated release in

Case: 4:16-cv-01244-RWS Doc. #: 1 Filed: 07/29/16 Page: 4 of 7 PageID #: 4

a settlement agreement concerning said attorney's fees. Specifically, Plaintiff stated that he would not release his ability to file an administrative appeal and pursue subsequent litigation concerning the propriety of Defendants' claimed exemptions, unless Defendants agreed to produce documents subject to the Polygraph Request.

18. On February 26, 2016, Plaintiff sent an email to Defendants' counsel requesting specific documents related to the polygraph examination that would fall within the Polygraph Request. Said email is attached hereto as <u>Exhibit 5</u>. The email notified Defendants that Plaintiff would have to file an administrative appeal by March 7, 2016, unless documents were produced prior to that time.

19. Having not received any documents, on March 4, 2016, Plaintiff timely appealed Defendants' response to his FOIA Request. Specifically, Plaintiff appealed Defendants' determination that the Polygraph Request documents were subject to an exemption. Attached hereto as <u>Exhibit 6</u> is a copy of Plaintiff's Appeal.

20. On April 12, 2016, in response to Plaintiff's February 25, 2016 email, Defendants, through their counsel in the Lawsuit, produced additional, redacted documents related to the polygraph examination. A copy of the documents and the letter accompanying said documents is attached hereto as <u>Exhibit 7</u>.

21. On April 18, 2016, Plaintiff inquired as to whether the documents produced on April 12, 2016 were the only documents Defendants were going to produce responsive to the Polygraph Request and whether Plaintiff could consider this the formal response to the administrative appeal.

22. On May 6, 2016, Defendants confirmed that they would not be producing any additional documents and that Plaintiff may treat their April 12, 2016 response as the formal

response to the administrative appeal. A copy of the correspondence is attached hereto as <u>Exhibit 8</u>.

23. Because Plaintiff and Defendants were unable to agree on Defendants' ability to assert an exemption related to the Polygraph Request, the settlement agreement concerning Plaintiff's Motion for Attorneys' Fees expressly permitted Plaintiff to file its administrative appeal and, if necessary, pursue the instant action.

24. Communications with Defendants make clear that they are continuing to withhold and have redacted certain produced documents that are subject to the Polygraph Request.

## COUNT I
## Violation of FOIA / Preliminary and Permanent Injunction
### (against DOAF)

25. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 24 as though fully stated herein.

26. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA Request to Defendants.

27. The purported exemptions asserted by Defendants in defense of their withholding and redacting of certain documents subject to the Polygraph Request is inapplicable and invalid. Defendants have no authority to withhold or redact said documents.

28. DOAF must be enjoined from withholding the requested records concerning the Polygraph Request on which Plaintiff filed an administrative appeal and ordered to disclose the requested records in their entireties, without redaction, and make copies available to Plaintiff.

29. Plaintiff is entitled to his attorneys fees and costs under 5 U.S.C. § 552 (a)(4)(E).

30. This proceeding should be expedited under 28 U.S.C. § 1657.

31. Plaintiff has a likelihood of succeeding on the merits.

32. Plaintiff has been irreparably harmed and, absent the requested injunction, Plaintiff will continue to be irreparably harmed in the future.

WHEREFORE Plaintiff prays that this Court enter judgment in favor of Plaintiff and against DOAF, enjoin DOAF from withholding the requested records concerning the Polygraph Request on which Plaintiff filed an administrative appeal and ordered to disclose the requested records in their entireties, without redaction, and make copies available to Plaintiff, expedite this proceeding as provided for in 28 U.S.C. § 1657, award plaintiff its costs and reasonably attorneys' fees incurred in this action, and grant such other relief as the Court deems just and proper.

## COUNT II
### Violation of FOIA / Preliminary and Permanent Injunction
### (against AFOSI)

33. Plaintiff re-alleges each and every allegation contained in paragraphs 1 through 32 as though fully stated herein.

34. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA Request to Defendants.

35. AFOSI must be enjoined from withholding the requested records concerning the Polygraph Request on which Plaintiff filed an administrative appeal and ordered to disclose the requested records in their entireties, without redaction, and make copies available to Plaintiff.

36. The purported exemptions asserted by Defendants in defense of their withholding and redacting of certain documents subject to the Polygraph Request is inapplicable and invalid. Defendants have no authority to withhold or redact said documents.

37. Plaintiff is entitled to his attorneys fees and costs under 5 U.S.C. § 552 (a)(4)(E).

38. This proceeding should be expedited under 28 U.S.C. § 1657.

39. Plaintiff has a likelihood of succeeding on the merits.

40. Plaintiff has been irreparably harmed and, absent the requested injunction, Plaintiff will continue to be irreparably harmed in the future.

WHEREFORE Plaintiff prays that this Court enter judgment in favor of Plaintiff and against AFOSI, withholding the requested records concerning the Polygraph Request on which Plaintiff filed an administrative appeal and ordered to disclose the requested records in their entireties, without redaction, and make copies available to Plaintiff, expedite this proceeding as provided for in 28 U.S.C. § 1657, award plaintiff its costs and reasonably attorneys' fees incurred in this action, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: /s/ Drey A. Cooley
Drey A. Cooley, # 58784 MO
7701 Forsyth Blvd., 12th Floor
St. Louis, MO  63105
(314) 721-7701 – Telephone
(314) 721-0554 – Facsimile
Cooley@capessokol.com