**UNITED STATES DISTRICT COURT**
**EASTEN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MARK W. DUBUQUE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF THE ) | Case No. 16-1244 |
| AIR FORCE and ) | |
| ) | |
| AIR FORCE OFFICE OF SPECIAL ) | |
| INVESTIGATIONS ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO STRIKE

Defendants filed a one-paragraph Response (Doc. 34) to Plaintiff's Sur-Reply (Doc. 31), to which they attach the Declaration of Robert Hunter ("Declaration") as Exhibit 1.  The sole purpose of the Declaration is to purportedly support Defendants' argument that certain publicly available government documents were stolen and outdated.  Aside from not substantiating that position, a substantial portion of the Declaration is premised upon inadmissible hearsay and speculation.  Consequently, said portion should be stricken and not considered when analyzing Defendants' Motion for Summary Judgment.

After describing his background, Mr. Hunter declares that (a) "Doc. 23-3 is not a current manual of the Department of Defense and is outdated" (Doc. 34-1, ¶ 2); and (b) "[t]o [his] knowledge, Doc. #23-3 has never been provided or produced to anyone outside of law enforcement."  (Doc. 34-1, ¶ 3). When viewed in isolation, those two statements, though uncompelling, would be admissible.

However, a review of the remainder of the Declaration reveals that those two statements/conclusions are entirely speculative and based upon inadmissible hearsay. In paragraph four of his Declaration, Mr. Hunter declares that "[i]f Doc. #23-3 is an official polygraph manual dated October 2, 2006, and if it is publicly available on the internet, it was not obtained through legitimate mechanisms and likely was stolen by a disgruntled employee." (Doc. 34-1, ¶ 4).

This statement, on its face, is speculative and demonstrates that Mr. Hunter lacks the personal knowledge to testify about Doc. 23-3. The statement is premised upon two "*ifs*," and Mr. Hunter rapidly jumps to a conclusion that the document was likely stolen by a disgruntled employee. If Mr. Hunter cannot even verify that it is a government document, then he most certainly cannot offer the opinion that it was "likely stolen." Nor could he testify that it has "never been provided or produced to anyone outside of law enforcement." Because this statement is pure speculation, it should be stricken from the Declaration. *See* Fed R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *Custom Hardware Eng'g & Consulting, Inc. v. Dowell*, 919 F. Supp. 2d 1018, 1026-27 (E.D. Mo. 2013) (summary judgment affidavits must contain admissible evidence); *Sportsman v. BNSF Ry. Co.*, No. 4:10-CV-513-TIA, 2001 WL 2134373 *5 (E.D. Mo. May 26, 2011) ("In deciding a motion for summary judgment, the Court may consider only admissible evidence, and must disregard portions of declarations that were made without personal knowledge, consist of hearsay, or purport to state legal conclusions of fact.").

>Next, Mr. Hunter declares:
>
>According to the publication's office of primary responsibility, the Oct 2, 2006 version has never been released under a FOIA request. The first two chapters of the 2002 publication were released under a FIOA [sic] request from the moderator of the "antipolygraph.org" web site. The remainder of the publication was not release [sic] pursuant to the FOIA request. The releaser cited Law Enforcement and tradecraft exclusion for not releasing the entire publication during that initial FOIA release for the two chapters of the 2002 version. The current publication is dated December 7, 2011, and supersedes the October 2, 2006 version of the Handbook. No portion of the Dec 2011 version has ever been released under a FOIA request.

This statement is inadmissible hearsay, because Mr. Hunter is entirely relying upon what the "publication's office of primary responsibility" told him, as well as what is contained in vaguely referenced and unrelated FOIA requests/responses pertaining to an admittedly different version of Doc. 23-3. Thus, this statement should be stricken. *See* Fed R. Civ. P. 56(c)(4); *Sportsman*, 2001 WL 2134373 at *5; *Baker v. Veneman*, 256 F. Supp. 2d 999, 1005 (E.D. Mo. 2003) (*citing Mays v. Rhodes*, 255 F.3d 644, 648 (8th Cir. 2001) (court may not consider statements based upon inadmissible hearsay at the summary judgment stage).

Additionally, even if this statement was not hearsay, it offers absolutely no support for Defendants' position and further exposes the speculative nature of Mr. Hunter's conclusory statements in paragraphs two and three. First, while Mr. Hunter acknowledges that he is not able to confirm that the document is an official polygraph manual, he is somehow miraculously able to determine that there is both a 2002 and 2011 version of that same document. Second, the *only* portion of this statement that relates to the October 2, 2006 version of the document is that Mr. Hunter heard that no portion of that version was released in response to a FOIA request. The mere fact that a document was not produced in response to a FOIA request does not mean that it was never produced by the Government. Finally, the mere fact that there may be a more recent version of the document does not mean that the relevant portions of Doc. 23-3 have somehow

3

changed. Nothing in the record suggests that the relevant portions of Doc. 23-3 were not followed at the time of Plaintiff's polygraph. What matters is the content of the document—not the document's copyright date.

## CONCLUSION

As a result of the foregoing, paragraphs two-four of Doc. 34-1 should be stricken. The statements in paragraph four are facially inadmissible, as noted above. While the conclusory statements made in paragraph two-three are not facially inadmissible when viewed in isolation, they are inadmissible when read in context with paragraph four, the basis for those conclusory statements.

Respectfully submitted,

CAPES, SOKOL, GOODMAN
& SARACHAN, PC.

By: */s/ Drey A. Cooley*
Drey A. Cooley, #58784 MO
Lauren R. Cohen, #61772 MO
7701 Forsyth Blvd., 12th Floor
St. Louis, Missouri 63105
Telephone: (314) 721-7701
Facsimile: (314) 721-0554
cooley@capessokol.com
lcohen@capessokol.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 16, 2016, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

/s/ Drey A. Cooley

4